**CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FARRELL PHILLIPS, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant | CIVIL ACTION NO: 06-5988 (FSH) <br><br> **OPINION & ORDER** <br><br> November 27, 2007 |

**I. Background**

      Farrell Phillips ("Phillips") appeals the decision of Administrative Law Judge Dennis O'Leary denying Phillips's claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Both applications were filed on February 6, 2003 and alleged a closed period of disability beginning on October 1, 2001 and continuing through September 12, 2003 due to head fractures sustained from a gunshot wound. The applications were denied initially and upon reconsideration.  Phillips filed a request for a hearing, which took place on July 6, 2006.  Pursuant to this hearing, ALJ O'Leary determined that Phillips was ineligible for benefits as he was not disabled and denied his applications. Phillips requested a review by the Appeals Council which was denied upon their finding that there were no grounds for review.  On August 6, 2007, Phillips commenced the action currently before this Court.  Phillips asserts that there is substantial evidence on the record to support a finding of disability and therefore, asks this court to reverse the administrative decision.

Alternatively, Phillips argues that his case should be remanded for reconsideration because the hearing decision contains several deficiencies. In opposition, the government argues that ALJ O'Leary's findings are supported by substantial evidence and should be upheld. Upon review of the record, this Court holds that ALJ O'Leary's findings are supported by substantial medical evidence which he clearly sets forth in his opinion. The ALJ's decision is affirmed.

## II.  Standard of Review

This Court reviews the determination of the Commissioner to assess whether there is a substantial evidence supporting the decision.  42 U.S.C. § 405(g); Consol. Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 229 (1938); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  If there is substantial evidence supporting the Commissioner's finding, this Court must uphold the decision even if this Court might have reasonably made a different finding based on the record.  See Simmonds v. Hecker, 807 F.2d 54, 58 (3d Cir. 1986).

## III.  Standard for Finding of Disability

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A disabling impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which

are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual will be deemed to be disabled "only if the impairment or impairments are of such severity that [she] is not only unable to [her] previous work but cannot considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses the following five-step analysis to determine whether an individual is disabled:

Step One: Substantial Gainful Activity. The Commissioner first considers whether the individual is presently engaged in substantial gainful activity. If so, the individual will be found not disabled without consideration of her medical condition. 20 C.F.R. §§ 404.1520(a)(4)(I), (b); 416.920(a)(4)(I), (b).

Step Two: Severe Impairment. If the individual is not engaged in substantial gainful activity, Plaintiff must then demonstrate that he suffers from a severe impairment or combination of impairments that significantly limits his ability to perform basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

Step Three: Listed Impairment. If the claimant demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth at 20 C.F.R. Part 404, Subpt. P or is equivalent of a Listed Impairment. If the individual has such an impairment, the Commissioner will find the individual disabled.

Step Four: Residual Functional Capacity. If the individual does not have a listed impairment, the analysis proceeds to Step Four and the Commissioner must determine whether, despite his impairment, the individual has the residual functional capacity ("RFC") to perform

his past relevant work. RFC is defined as what the claimant can still do despite his limitations. If he does have the capacity to perform past work, the individual will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

Step Five: Other Work. Finally, if the individual is unable to perform past work, the Commissioner then considers the individual's residual functional capacity, age, education, and past work experience to determine if he is able to perform other work functions. If he cannot do so, the individual will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(4)(a)(v), (g).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof. Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). The claimant bears the burden of persuasion through the first four steps. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the analysis reaches the fifth step, however, the Commissioner bears the burden of proving that the claimant is capable of gainful employment other than her past relevant work and that jobs which the claimant can perform exist in substantial numbers in the national economy. Id. If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further. 20 C.F.R. §§ 404.1520(a); 416.920(a).

**IV. Analysis**

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 1, 2001. At Step 2, the ALJ found that Plaintiff had the following severe nonexertional impairments: status post cervical spine and ramus mandible fractures from gunshot wound. At Step 3, the ALJ found that, while these impairments are

severe, they do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  At Step 4, the ALJ concluded that Plaintiff has retained the RFC to perform heavy work that does not require he move his head rapidly from side to side.  Specifically, the ALJ concluded that Plaintiff is capable of lifting and carrying objects weighing up to 100 pounds occasionally and up to 50 pounds frequently.  The ALJ also found that because the Plaintiff is able to perform heavy work, he is also able to perform medium, light and sedentary work.  At Step 5, the ALJ concluded that based on Plaintiff's RFC for heavy work, and in consideration of Plaintiff's age, education, and work experience, the Medical-Vocational Rules ("the Grids")[1] direct a conclusion of "not disabled" because a substantial amount of jobs exist in the national economy that the Plaintiff is capable of performing.  Specifically, the ALJ found that Plaintiff's capacity for heavy work has not been compromised by his nonexertional limitation[2] and therefore, these limitations have little or no effect on his occupational base of work.

The thrust of Phillip's argument is twofold.  First, Plaintiff contends that the ALJ's determination of his capacity for heavy work is unsupported by the record.  Second, Plaintiff contends that the ALJ did not properly assess his nonexertional limitations and should have used a vocational expert to determine the occupational base available to the Plaintiff.  Both arguments fail.

---

[1]  Medical-Vocational Guidelines, referred to as "the Grids," dictate a result of "disabled" or "not disabled" according to a combination of vocational factors such as age, education level, work history, and residual functional capacity ("RFC").  The Grids establish, for exertional impairments only, that jobs exist in the national economy which people with those impairments can perform.  Sykes v. Apfel, 228 F.3d 259, 270 (3d Cir. 2000).  The regulations do not purport to establish jobs that exist in the national economy for persons with nonexertional limitations.  Id. at 269.

[2]  A limitation is exertional if it affects the claimant's ability to meet various strength demands of jobs in terms of sitting, standing, walking, lifting, carrying, pushing, and pulling. 20 C.F.R. § 404.1569a(b).  A limitation is nonexertional if it affects the claimant's ability to meet job demands other than strength demands.  Id. § 404.1569a(c).

First, the ALJ recited substantial medical evidence from the record which supported his conclusion that the Plaintiff could perform heavy work.  "In making a residual functional capacity determination, the ALJ must consider all of the evidence before him.  Although the ALJ may weigh the credibility of the evidence before him, he must give some indication of the evidence he rejects and his reason(s) for discounting such evidence."  Burnett v. Comm'r of Soc. Security, 220 F.3d 112, 121 (3d Cir. 2000).

Phillips points to a single statement in the report of Dr. Joyce Nkwonta which indicated that he should avoid heavy lifting and carrying and argues that the ALJ did not adequately address this evidence.  However, the ALJ thoroughly discussed Dr. Nkwonta's medical report in his opinion and concluded that the totality of her report, despite this singular statement, supported the conclusion that Phillips was not disabled.  Specifically, the ALJ noted that despite Dr. Nkwonta's finding of stiffness in his spine, all other objective clinical tests were normal.  In addition, the ALJ discussed two other medical reports present in the record, and described the medical evidence, Phillips' symptoms, and the findings reported in each.  Phillips' range of motion, reflexes and strength tests were normal, he was not under the current care of a physician or taking any medication despite his allegations of severe pain, and there was no evidence of his alleged mental limitations.  Furthermore, the ALJ made a determination that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."

The purpose of requiring the ALJ to set forth the reasons for his decision is so this Court may conduct meaningful judicial review. Id. at 119.  This Court finds that ALJ O'Leary has set forth the evidence supporting his decision and has also adequately discussed the contradictory medical and testimonial evidence.  As such, reversal is not warranted.  See Senne v. Apfel, 198

F.3d 1065, 1067 (8th Cir. 1999) (rejecting claimants argument that the conclusory form of the ALJ's decision alone justified remand).

Phillips also objects to the ALJ's method of determining Phillips' occupational base given his nonexertional limitations. Using the Grids, the ALJ determined that Phillips maintains an RFC for heavy work.[3] The ALJ also held that Phillips had a nonexertional limitation that restricts his ability to turn his head rapidly from side to side. Phillips' argues that the Third Circuit's ruling in Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000) mandates that the ALJ rely upon vocational expert testimony rather than the Grids for determining the occupational base for a person with nonexertional limitations.

While this argument has initial appeal, in Allen v. Barnhart, the Third Circuit noted that the Grids may still be used as a framework when nonexertional limitations are at issue. 417 F.3d. 396, 401 (3d Cir. 2005). In Allen, the court was presented with a situation where the Plaintiff had only nonexertional limitations. The court noted that the Supreme Court, in Heckler v. Campbell, held that the Agency may rely on rulemaking authority to determine issues that do not require case-by-case consideration. 461 U.S. 458 (1983). In Heckler, the Court rejected the Plaintiff's argument that the ALJ had the obligation to examine specific types of work in order to determine whether she could obtain substantial gainful employment given her condition. Id. at 467-68. Instead, the Court held that the Commissioner can satisfy its burden of proof regarding the availability of jobs in the national economy via rulemaking rather than requiring actual

---

[3] The Grids state that "[t]he residual functional capacity to perform heavy work or very heavy work includes the functional capability for work at the lesser functional levels as well, and represents substantial work capability for jobs in the national economy at all skill and physical demand levels .... Thus an impairment which does not preclude heavy work (or very heavy work) would ordinarily not be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education and skill level of prior work experience may be considered adverse." 20 C.F.R. Pt. 404 Subpt P, App. 2, § 204.00 (1999). In the present case, there is no reason to believe that Phillips' age, education and prior work experience were adverse to a finding of an RFC for heavy, unskilled work during the closed time period of his alleged disability.

evidence on a case by case basis.

The ALJ specifically referenced SSR-12 and SSR-14. SSR-14 explains that "[w]here it is clear that the additional limitation or restriction has very little effect on the exertional occupational base, the conclusion directed by the appropriate rule in Tables 1, 2, or 3 would not be effected." Here, the ALJ found that the claimant's nonexertional limitations related to his ability to turn his head rapidly from side to side and that these "have little or no effect on the occupational base of unskilled work at all exertional levels." This Court affirms the finding of the ALJ and finds that it was supported by the referenced SSRs and appropriate reasoning.

## V.  Conclusion

The ALJ's determination that Phillips has the residual functional capacity for heavy work is supported by substantial medical evidence in the record. Further, his reliance on the Medical-Vocational Guidelines was proper as it clearly sets forth a rule regarding the occupational base of persons with the functional capacity to do heavy work. The ALJ also properly evaluated the nonexertional limitations and determined that the claimant's limitations had little to no effect on the occupational base of unskilled work at all levels. For these reasons, the finding that Petitioner was not disabled between October 1, 2001, and September 12, 2003, is **AFFIRMED**.

Dated:  November 27, 2007

                                                      **/s/ Faith S. Hochberg**
                                                      Hon. Faith S. Hochberg, U.S.D.J.